IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NATASHA CARRIZALES, individually and on behalf of Nina Carrizales, a Minor, as her guardian and next friend; and NINA CARRIZALES, by and through her mother, guardian and next friend Natasha Carrizales;<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 8:17CV19<br><br>ORDER |

Plaintiffs' complaint alleges an action under the Federal Tort Claims Act against the United States. Plaintiffs' complaint alleges federal employees provided negligent medical care and treatment to Plaintiffs, resulting in damages. ([Filing No. 1](#)).

Pending before the court is the government's motion to strike the Declaration of Fred Duboe, M.D., ([Filing No. 35-1](#)), which was filed by Plaintiffs in response to the government's motion for summary judgment. ([Filing No. 36](#)). The government argues that Plaintiffs failed to timely and properly disclose Dr. Duboe's expert opinions as required under [Federal Rule of Civil Procedure 26(a)(2)(B)](#), and the opinions must therefore be stricken.

Plaintiffs have not responded to the motion to strike and the deadline for doing so has passed. The motion is deemed fully submitted. For the reasons explained below, it will be granted.

BACKGROUND

Pursuant to the court's case management order, the deadlines for serving complete expert disclosures for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), were:

| | |
|---|---|
| For the plaintiffs: | March 9, 2018. |
| For the defendant: | June 11, 2018. |
| For plaintiffs' rebuttal: | July 2, 2018. |

(Filing No. 26, at CM/ECF p. 1, ¶ 2). Plaintiffs never requested a continuance of these expert disclosure deadlines, and the court did not extend the deadlines.

On March 12, 2018, and on March 19, 2018, counsel for the government reminded Plaintiffs' counsel that Plaintiffs' expert reports were overdue. (Filing No. 37-1, at CM/ECF pp. 5, 6). Plaintiffs' counsel responded on March 20, 2018 by leaving a voicemail at 7:07 a.m., explaining he had the reports and they should be sent to the government that day. (Filing No. 37-1, at CM/ECF p. 2, ¶ 6, and p. 8). The government never received a Rule 26(a)(2) expert witness disclosure for Fred Duboe, M.D. (Filing No. 37-1, at CM/ECF p. 2, ¶ 7).

The government moved for summary judgment on April 24, 2018. (Filing No. 27). Plaintiffs' response to that motion, which was filed on June 1, 2018, included Dr. Duboe's affidavit. That affidavit includes Dr. Duboe's medical expert standard of care and causation opinions, along with his curriculum vitae. (Filing No. 35-1).

LEGAL ANALYSIS

Pursuant to Rule 16(b)(4), a case management order setting progression deadlines "may be modified only for good cause and with the judge's consent." Fed.

2

R. Civ. P. 16(b)(4). The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only following a requisite threshold finding of due diligence. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008); Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006). "'A party that . . . fails to disclose information required by Rule 26(a) . . . shall not be permitted to use [the nondisclosed information] as evidence at a trial, at a hearing, or on a motion' 'unless such failure is harmless' or there was 'substantial justification' for the failure." U.S. Commodity Futures Trading Comm'n v. Kratville, 796 F.3d 873, 891 (8th Cir. 2015) (quoting Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008 (8th Cir. 1998) (quoting Fed.R.Civ.P. 37(c)(1)).

Having failed to respond in any manner to the motion to strike Dr. Duboe's affidavit and opinions, Plaintiffs' counsel has not explained why Dr. Duboe's opinions were not timely disclosed as required under this court's case management order. As such, he has failed to show any reason, much less good cause or a substantial justification, for failing to timely disclose Dr. Duboe's expert opinions.

Accordingly,

IT IS ORDERED:

1)  The government's motion to strike, (Filing No. 36), is granted.

2)  The expert opinions of Fred Duboe, M.D., and his affidavit in response to the government's motion for summary judgment, (Filing No. 35-1), are stricken.

June 28, 2018.                         BY THE COURT:

                                       *s/ Cheryl R. Zwart*
                                       United States Magistrate Judge